08-2786-cv
Spencer v. United Parcel Service

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to summary orders filed after January 1, 2007, is permitted and is governed by this court's Local Rule 32.1 and Federal Rule of Appellate Procedure 32.1. In a brief or other paper in which litigant cites a summary order, in each paragraph in which a citation appears, at least one citation must either be to the Federal Appendix or be accompanied by the notation: "(summary order)." A party citing a summary order must serve a copy of that summary order together with the paper in which the summary order is cited on any party not represented by counsel unless the summary order is available in an electronic database which is publicly accessible without payment of fee (such as the database available at http://www.ca2.uscourts.gov/). If no copy is served by reason of the availability of the order on such a database, the citation must include reference to that database and the docket number of the case in which the order was entered.**

**At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 1ˢᵗ day of December, two thousand nine.**

PRESENT:

> JOSÉ A. CABRANES,
> ROBERT D. SACK,
> > *Circuit Judges,*
> PAUL A. CROTTY,[*]
> > *District Judge.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

RUBY SPENCER,

> *Plaintiff-Appellant,*
>
> v.                                                             No. 08-2786-cv

UNITED PARCEL SERVICE,

> *Defendant-Appellee.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**COUNSEL FOR APPELLANT:**          RUBY SPENCER, *pro se*, Norwalk, CT.

**COUNSEL FOR APPELLEES:**          AARON J. SCHINDEL, (Gershom R. Smith, *on the brief*) Proskauer Rose LLP, New York, NY.

---

[*]The Honorable Paul A. Crotty, United States District Judge for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas S. Zilly, *Judge*).[**]

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is hereby **AFFIRMED.**

Plaintiff Ruby Spencer ("plaintiff" or "Spencer"), *pro se*, appeals from the May 21, 2008 judgment of the District Court, dismissing Spencer's claim against defendant United Parcel Service ("defendant" or "UPS") under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.*, after a bench trial in which plaintiff proceeded *pro se*. On appeal, plaintiff argues that the District Court erred in making various findings of fact. Specifically, plaintiff challenges the following findings of fact by the District Court: (1) that her supervisor had not approved her class schedule; (2) that she had been offered a comparable alternative position before or after termination; (3) that there was no "long range plan" to replace Spencer with a temporary employee named Julia Arthur; (4) that an age-related comment made several years before her termination was not evidence of discrimination in the decision to terminate her employment with UPS; and (5) that she had not been "singled-out" for a change in title. We assume the parties' familiarity with the facts and procedural history of this case.

In reviewing the district court's decision in a bench trial, we review the court's conclusions of law *de novo* and its findings of fact for clear error. *See United States v. Coppola*, 85 F.3d 1015, 1019 (2d Cir. 1996). Under the clearly erroneous standard, "'[t]here is a strong presumption in favor of a trial court's findings of fact if supported by substantial evidence,'" and the Court "will not upset a factual finding unless [it is] 'left with the definite and firm conviction that a mistake has been committed.'" *Travellers Int'l, A.G. v. Trans World Airlines, Inc.*, 41 F.3d 1570, 1574 (2d Cir. 1994) (citations omitted); *see also SNC S.L.B. v. M/v Newark Bay*, 111 F.3d 243, 247 (2d Cir. 1997). Moreover, we must "give considerable deference to the district court's credibility assessments and to its determination as to what inferences should be drawn from the evidence in the record." *Ezekwo v. N.Y. City Health & Hosps. Corp.*, 940 F.2d 775, 780 (2d Cir. 1991).

In *Gross v. FBL Financial Services, Inc.*, 129 S. Ct. 2343 (2009), the Supreme Court held that, under the plain language of the ADEA, which prohibits discrimination "because of" an individual's age, an employee must prove by a preponderance of the evidence "that age was the 'but-for' cause of the employer's adverse action," and not merely one of the motivating factors. *Id.* at 2351.

---

[**] The Honorable Thomas S. Zilly, United States District Judge for the Western District of Washington, sitting by designation.

Here, the burden was on Spencer to prove by a preponderance of the evidence that her age was the "but-for" reason for her termination and that UPS's stated reason—Spencer's unwillingness to alter her school schedule to accommodate her work schedule or accept a comparable job on a different shift—was not the "but-for" cause for her termination. *See id.* Because the District Court's findings that UPS's stated reasons for termination were the cause of her termination are supported by the evidence, and Spencer has failed to set forth sufficient evidence to counter those findings, she has not satisfied the high burden of showing that the court's findings were "clearly erroneous." *See Travellers Int'l, A.G.*, 41 F.3d at 1574.

We have reviewed plaintiff's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

By:_____

3